Filed 10/18/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MICHAEL PATTERSON, | B312411 |
| Petitioner, | (Super. Ct. No. 20STCV14987) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| CHARTER COMMUNICATIONS, INC. et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Malcolm Mackey, Judge. Petition granted.

Kyle Todd, P.C., Kyle Todd, Samantha Johnson and Alfredo Nava.

No appearance for Respondent.

Hill, Farrer & Burrill, James Bowles and Casey Morris for Real Parties in Interest Charter Communications, Inc. and Nicholas Lopez.

——————————————

Several well-established rules govern imposition of fees and costs incurred in actions under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  First, a successful plaintiff is entitled to recover his or her reasonable attorney fees.  A prevailing defendant, however, may not be awarded attorney fees or costs "unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."  (Gov. Code, § 12965, subd. (b) (§ 12965(b)).)  Second, FEHA claims may be included in a predispute arbitration agreement, but an employer that seeks to compel arbitration of FEHA claims may not limit statutorily imposed remedies or "require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court."  (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 103, 110-111 (*Armendariz*).)

Given these fundamental principles, may an employer's arbitration agreement authorize the recovery of attorney fees for a successful motion to compel arbitration of a FEHA lawsuit even if the plaintiff's opposition to arbitration was not frivolous, unreasonable or groundless?  Because a fee-shifting clause directed to a motion to compel arbitration, like a general prevailing party fee provision, risks chilling an employee's access to court in a FEHA case absent section 12965(b)'s asymmetric standard for an award of fees, a prevailing defendant may

2

recover fees in this situation only if it demonstrates the plaintiff's opposition was groundless.

No such finding was made by the superior court in the underlying action before awarding real party in interest Charter Communications, Inc. its attorney fees after granting Charter's motion to compel Michael Patterson to arbitrate his FEHA claims.  Accordingly, we grant Patterson's petition for writ of mandate and direct respondent Los Angeles Superior Court to vacate its March 16, 2021 order awarding attorney fees to Charter and to conduct a new hearing to reconsider Charter's motion for attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Patterson's FEHA Lawsuit*

Patterson, a Charter employee from March 2017 through January 2020, sued Charter in April 2020 for unlawful sexual harassment/hostile work environment (Gov. Code, § 12040, subd. (j)), unlawful retaliation (§ 12940, subd. (h)) and failure to prevent harassment and retaliation in violation of FEHA (§ 12040, subd. (k)).  Patterson also named in the sexual harassment cause of action Nicholas Lopez, who had been Patterson's supervisor at Charter's Irwindale office during a two-year period.  In his complaint Patterson alleged, in brief, that Lopez had repeatedly engaged in unwanted and inappropriate touching; Patterson had complained to Charter's human resources department about Lopez's conduct; and Charter responded, after conducting inadequate investigations, by terminating Patterson's employment.

3

2. *Charter's Motion To Compel Arbitration*

Charter moved on June 29, 2020 to compel arbitration of Patterson's FEHA claims pursuant to the parties' written agreement to arbitrate all employment-related disputes. In its motion and supporting declaration and exhibits, Charter explained its active employees had been notified by email on October 6, 2017 that Charter had implemented an arbitration program and, unless they opted out within 30 days, they would be bound by the mutual arbitration agreement that could be viewed online via an intranet link to a Solution Channel website. Patterson did not opt out.

In his opposition to the motion Patterson argued he never saw, much less consented to, the arbitration agreement Charter was seeking to enforce. (He did not deny the email had been sent to his work in-box, but he declared he did not see it.) Patterson also argued the agreement was procedurally and substantively unconscionable, specifically challenging as one-sided and inconsistent with the policies underlying access to the courts in FEHA cases the separate attorney fee provision in the agreement authorizing attorney fees for a party who successfully compelled arbitration.

The court granted Charter's motion on October 20, 2020, ruling, "The court does not find the agreement to be procedurally unconscionable and that there was sufficient notice to plaintiff by Charter as more fully detailed in the notes of the court reporter." We summarily denied Patterson's petition for writ of mandate seeking review of the order compelling arbitration. (*Patterson v. Superior Court* (Dec. 23, 2020, B309452).)

4

3. *Charter's Motion for Attorney Fees*

Charter moved on October 29, 2020 for an award of attorney fees incurred in moving to compel arbitration "on the ground that Charter was the prevailing party on Charter's motion to enforce the Arbitration Agreement entered into by the parties, which had an attorneys' fees provision specifically providing such relief to the prevailing party on a motion to enforce said agreement." Specifically, Charter quoted paragraph K of the agreement:

> "K. **Arbitration Costs**. Charter will pay the AAA administrative fees and the arbitrator's fees and expenses. All other costs, fees and expenses associated with the arbitration, including without limitation each party's attorneys' fees, will be borne by the party incurring the costs, fees and expenses. The parties agree and acknowledge, however, that the failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this Agreement. If any judicial action or proceeding is commenced in order to compel arbitration, and if arbitration is in fact compelled, or the party resisting arbitration submits to arbitration following the commencement of the action or proceeding, the party that resisted arbitration will be required to pay the other party all costs, fees and expenses that they incur in compelling arbitration, including, without limitation, reasonable attorneys' fees."

Citing this court's decision in *Acosta v. Kerrigan* (2007) 150 Cal.App.4th 1124, 1132 (*Acosta*), which involved a lease dispute between a landlord and tenant, Charter argued, "Under

California law, where a fee provision in an arbitration agreement provides for attorneys' fees to the prevailing party compelling arbitration, that party 'has an immediate right to make a claim for the attorney fees he incurred in getting the trial court to move the controversy to arbitration.'" Charter sought $10,583 as reasonable attorney fees.

Following further briefing and oral argument, the superior court on March 16, 2021 granted Charter's motion in substantial part, reducing the request for excessive hours and awarding Charter $6,912 as reasonable attorney fees. The court ruled attorney fees incurred in connection with a petition to compel arbitration may be awarded before the merits of the dispute have been determined "where a party prevailed in a discrete proceeding on the contract." The court also ruled the asymmetric standard for attorney fees in FEHA cases applied only after adjudication of the case on the merits.

4. *Patterson's Writ Petition*

On May 14, 2021 Patterson filed a petition for writ of mandate, prohibition or other appropriate relief in this court, arguing the superior court had erred in awarding Charter attorney fees because it had not "commenced" a "judicial action or proceeding" to compel arbitration, as required by the terms of the arbitration agreement; FEHA does not permit an employer to shift attorney fees to a plaintiff employee unless the employee's actions were objectively frivolous; and the fee-shifting provision at issue is unconscionable and should not be enforced. After receiving an informal opposition from Charter, on June 16, 2021 we ordered respondent superior court to show cause why it should not be compelled to vacate its order granting the motion for attorney fees and to issue a new order denying the motion.

6

## DISCUSSION

1. *The Charter Fee-shifting Clause Applies to a Motion To Compel Arbitration in a Pending Lawsuit*

Traditional rules of contract interpretation apply to determining the scope of an agreement for the payment of attorney fees. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 752 (*Mountain Air*); see *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.) "Accordingly, we first consider the mutual intention of the parties at the time the contract providing for attorney fees was formed. [Citation.] Our initial inquiry is confined to the writing alone. [Citations.] "'The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation. [Citation.] Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning. [Citations.]'" [Citations.] At the same time, we also recognize the 'interpretational principle that a contract must be understood with reference to the circumstances under which it was made and the matter to which it relates." (*Mountain Air*, at p. 752.)

The fee-shifting clause in Charter's arbitration agreement applies "[i]f any judicial action or proceeding is commenced in order to compel arbitration." As a threshold matter, Patterson argues this provision, properly interpreted, authorizes the recovery of attorney fees only when Charter has successfully initiated a judicial action or proceeding to compel arbitration, not when, as here, it moved to compel arbitration in a lawsuit filed by a former employee. That distinction is significant, Patterson contends, as explained in *Roberts v. Packard, Packard & Johnson*

7

(2013) 217 Cal.App.4th 822 (*Roberts*), which held an award of attorney fees following a successful petition to compel arbitration filed in a pending lawsuit between a law firm and its former clients was premature; pursuant to Civil Code section 1717 any award under those circumstances had to await the arbitrator's ultimate determination of the prevailing party: "'There is an "analytic distinction" between a motion (or petition) to compel arbitration *filed within an existing* [*lawsuit*,] as here, and a petition to compel arbitration that *commences an independent* [*lawsuit*]. . . . "A party may file a petition to enforce an arbitration agreement *as an independent lawsuit if there is no pending lawsuit*; otherwise, the party must file the petition in the pending lawsuit." . . . A petition to compel arbitration *filed in a pending lawsuit* is "part of the underlying action"; it is *not* a distinct action.'" (*Roberts*, at p. 834, quoting *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 772.)

Indeed, in *Acosta*, *supra*, 150 Cal.App.4th 1124, this court's decision that is Charter's primary authority supporting the superior court's fee award, the fee provision specifically contemplated a motion to compel arbitration in a pending lawsuit filed notwithstanding the parties' arbitration agreement: "'Should any party to this Agreement hereafter institute any legal action or administrative proceeding against the other by any method other than said arbitration, the responding party shall be entitled to recover from the initiating party all damages, costs, expenses, and attorneys' fees incurred as a result of such action.'" (*Id.* at p. 1126.) Charter's use of very different language in its fee provision, Patterson continues, makes the provision ambiguous, at the very least, and, as such, should be construed against Charter, the drafter of the agreement—a common law

8

rule of contract interpretation that applies to arbitration agreements, including those, like Charter's, governed by the Federal Arbitration Act (FAA).  (See, e.g., *Mastrobuono v. Shearson Lehman Hutton* (1995) 514 U.S. 52, 63 ["[r]espondents drafted an ambiguous document, and they cannot now claim the benefit of the doubt.  The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result"]; see also Civ. Code, § 1654; *24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1214-1215 ["[p]articularly where the contract is one of adhesion, ambiguity in the contract language not dispelled by application of other canons of construction is interpreted against the drafter"]; but cf. *Lamps Plus, Inc. v. Varela* (2019) 587 U.S. ___ [139 S.Ct. 1407, 1418-1419 [declining to apply doctrine of *contra proferentem* to construe an ambiguous agreement to authorize class arbitration rather than traditional individualized arbitration favored by the FAA].)

Charter answers Patterson's textual analysis by asserting, "The language 'judicial action or proceeding' encompasses both a lawsuit and a motion," quoting the definition of "proceeding" in Black's Law Dictionary (11th edition 2019):  "The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and entry of judgment."  Charter's response is overly simplistic.

To be sure, "[t]he term 'proceeding' may refer not only to a complete remedy but also to a mere procedural step that is part of a larger action or special proceeding."  (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 367.)  But as the Supreme Court explained in *Mountain Air*, *supra*, 3 Cal.5th at page 754, "The word 'proceeding' can take on 'different meanings in

9

different contexts.' [Citation.] For example, 'proceeding' has been construed narrowly as 'an action or remedy before a court,' and, as broadly as "'[a]ll the steps or measures adopted in the prosecution or defense of an action."'"

The issue in *Mountain Air* was whether the successful assertion of an affirmative defense triggered the attorney fee provision in a contract that provided, "'If any legal action or any other proceeding, including arbitration or an action for declaratory relief[,] is brought for the enforcement of this Agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any provision of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees, expert fees and other costs incurred in that action or proceeding, in addition to any other relief to which the prevailing party may be entitled.'" (*Mountain Air, supra,* 3 Cal.5th at p. 752, boldface & italics omitted.)[1] After holding that pleading an affirmative defense does not constitute bringing a legal action within the meaning of the attorney fee provision, the Supreme Court held "proceeding" had been used by the parties in its narrower sense, referring to the entirety of a case, not to individual procedural steps within a case. (*Id.* at p. 754.) The Court supported this narrow reading of the fee provision by focusing on the verb "brought," explaining that "affirmative

---

[1] The defendants successfully asserted a repurchase agreement with an attorney fee provision was a novation, which defeated the plaintiffs' action for breach of an earlier contract between the parties. (*Mountain Air, supra,* 3 Cal.5th at p. 749.)

10

defenses are generally pleaded, asserted, or raised, but typically not 'brought' by a party." (*Id.* at pp. 755-756.)[2]

Patterson's argument that Charter's fee-shifting clause should be interpreted to apply only to a petition to compel arbitration or other action initiated by Charter, not a motion filed in an employee's lawsuit, is certainly reasonable. Just as an affirmative defense is typically not "brought," as the Supreme Court observed in *Mountain Air*, a motion is generally not "commenced." (See *Roberts*, *supra*, 217 Cal.App.4th at p. 841 [petition to compel arbitration filed in a pending lawsuit "is not a 'discrete proceeding'"].) And given the decidedly unilateral nature of Charter's imposition of the arbitration agreement on its employees—an email notice, links to intranet sites with the

---

[2]     Similarly, in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, the Supreme Court rejected the argument that, because "litigation" is defined, for purposes of the vexatious litigant statutes, as "any civil action or proceeding" (Code Civ. Proc., § 391, subd. (a)) and the term "proceeding" can, in some circumstances, refer to a procedural step that is part of a larger action, a vexatious litigant who is barred by a prefiling order from "filing any new litigation" in propria persona (Code Civ. Proc., § 391.7, subd. (a)), and who becomes self-represented while an action is pending, cannot take any further procedural steps in the action without first obtaining permission from the presiding judge. Emphasizing that the term "proceeding" needed to be understood in the context of the vexatious litigant statutes as a collective whole, the Court held, "If 'litigation' as defined in section 391, subdivision (a) included every motion or other procedural step taken during an action or special proceeding, and that definition were applied throughout the vexatious litigant statutes, several provisions would take on absurd, unworkable, or clearly unintended meanings." (*Shalant*, at pp. 1173-1174.)

11

document, and the absence of the employee's affirmative opt-out—it is impossible to meaningfully consider the *mutual* intention of the parties.

That said, read in context, we agree with Charter the fee provision, poorly drafted though it may be, was intended to cover the situation presented here. Immediately prior to the sentence authorizing fees incurred in an action or proceeding to compel arbitration, the agreement expressly states, "[T]he failure or refusal of either party to submit to arbitration as required by this Agreement will constitute a material breach of this Agreement." Attorney fees incurred to require the unwilling party to participate in the contractually mandated arbitration are damages caused by that breach, made recoverable by the following sentence (the fee-shifting clause). It is inconceivable Charter intended to limit that remedy to the relatively rare situation where it had initiated an independent action to compel arbitration before its employee or former employee filed a lawsuit.[3]

---

[3] An independent action to compel arbitration is far more likely in a commercial setting, where both parties to a failed transaction desire resolution of their dispute, albeit in different forums. (See, e.g., *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 799 [in an action brought by a general contractor against the project owner solely to compel arbitration of contractual disputes between the parties, "a party who succeeds in obtaining an order denying the petition to compel arbitration is a prevailing party in the action on the contract"].) In the employment context, in contrast, an employer has little reason to seek arbitration of the employee's potential FEHA or wage-and-hour claims before they have been formally asserted in a lawsuit.

2. *To the Extent Lawful, the Charter Fee-shifting Clause May Be Enforced Immediately in Litigation That Does Not Involve Other Contract Issues*

In *Acosta, supra*, 150 Cal.App.4th 1124, this court affirmed an interim award of attorney fees to a defendant landlord who had responded to his former commercial tenant's lawsuit for a writ of possession, injunctive relief and damages for forcible detainer and forcible entry by successfully moving to compel arbitration of their dispute. As discussed, the parties' lease agreement, in addition to the provision requiring arbitration of disputes relating to their occupancy agreement and a general provision stating the prevailing party at an arbitration was entitled to recover attorney fees, contained a separate clause specifically authorizing the recovery of fees and costs incurred in pursuing a motion to compel arbitration in a pending lawsuit that had been filed notwithstanding the parties' arbitration agreement. (*Id.* at p. 1126 & fn. 2.) Emphasizing the landlord was not seeking to recover attorney fees under the provision authorizing an award of fees to the party prevailing on the merits of a claim under the occupancy agreement, we explained, "[H]e is seeking fees incurred while enforcing an independent provision of the contract, fees to which he is entitled even if he loses the case on the merits in the arbitration. A party who is entitled to recover attorney fees he or she incurred in making a successful discovery motion need not wait until the end of the case before filing the claim for fees. A fortiori, [the landlord] is entitled to an interim attorney fee award in this case where he already has

13

prevailed on an independent proceeding contemplated in the contract." (*Id.* at p. 1132, fn. omitted.)[4]

Our colleagues in Division One of this court distinguished *Acosta* in *Roberts, supra,* 217 Cal.App.4th 822 and reversed an interim award of attorney fees made to a law firm that had successfully moved to compel arbitration in its former client's pending lawsuit for breach of fiduciary duty. In *Roberts,* unlike *Acosta,* there was no separate provision authorizing an award of fees if a motion to compel arbitration were filed, only a general provision authorizing an award of fees to the prevailing party in an action arising under the parties' retainer (contingency fee) agreement. (*Roberts,* at pp. 829, 843.) Accordingly, the court held, "Only *one* side—plaintiffs *or* their former attorneys—can prevail in enforcing the contingency fee agreement, and the determination of the prevailing parties must await the resolution of plaintiffs' causes of action by an arbitrator. Attorney fees under [Civil Code] section 1717 may be awarded only to the parties that prevail in the 'action.'" (*Id.* at p. 843.)

The court in *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515 (*Frog Creek*), like the *Roberts* court, distinguished *Acosta* in denying an interim award of attorney fees for a successful motion to compel arbitration because there was no separate contract provision authorizing such an award, but also disagreed with *Acosta*'s rationale. (*Frog Creek,* at pp. 525, 546.) The plaintiff in *Frog Creek* filed a lawsuit for

---

[4] All three members of the panel agreed the landlord was entitled to an interim award of fees based on his successful motion to compel arbitration. The dissent, however, argued the fee issue was one for the arbitrator to decide, not the trial court. (*Acosta, supra,* 150 Cal.App.4th at p. 1133 (dis. opn. of Zelon, J.).)

14

breach of a construction contract, which contained arbitration and attorney fee clauses. The defendant petitioned twice to compel arbitration based on different versions of the parties' agreement. The plaintiff defeated the first petition; a decision that was affirmed on appeal. The trial court then granted the second petition, and the defendant ultimately prevailed on the merits of the contract dispute in arbitration. In postarbitration proceedings the trial court awarded attorney fees to both parties for prearbitration fees and costs: to the plaintiff for its initial successful opposition to arbitration and prevailing on appeal of that order, and to the defendant for the second petition to compel arbitration.

The court of appeal reversed the award of fees to the plaintiff, holding there can be only one prevailing party in a contract action. (*Frog Creek, supra*, 206 Cal.App.4th at p. 520.) The plaintiff's interim victory on the first petition to compel arbitration did not make the plaintiff the prevailing party because denial of that petition "did not resolve the parties' contract dispute; instead, the merits of that dispute remained before the court in [the plaintiff's] complaint and [the defendant's] cross-complaint." (*Id.* at p. 546.) That dispute was ultimately resolved in the defendant's favor through arbitration. The defendant was thus the prevailing party on the contract under Civil Code section 1717 and "entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail." (*Frog Creek*, at p. 546.)

Noting that our decision in *Acosta* did not analyze the interim award of fees under Civil Code section 1717, the *Frog Creek* court observed, "Under *Acosta*, it would seem that parties to a contract could provide for an attorney fee award in *any*

15

specified circumstance, as long as the parties did so with highly specific contractual language." (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 544.) That rationale, the court explained, "appears to be contrary to the proposition that Civil Code section 1717 alone determines a party's entitlement to attorney fees under a contractual fee provision" and would "render irrelevant the Civil Code section 1717 definition of 'party prevailing on the contract.'" (*Frog Creek*, at pp. 544-546; see *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 971, 977 [trial court did not abuse its discretion in ruling a defendant in an action arising out of contract was not entitled to an award of attorney fees under section 1717 by virtue of having obtained a dismissal from a California court on the ground the agreement at issue contained a forum selection clause specifying the courts of another jurisdiction; *Frog Creek* "supports the denial of fees in this case by its invocation of the general principle, equally applicable here, that fees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step"].)

Charter argues the fee provision in its arbitration agreement is analogous to the separate fee provision at issue in *Acosta*, *supra*, 150 Cal.App.4th 1124—that is, it is specifically directed to fees incurred to compel arbitration—and should be enforced on the same basis. We agree. Unlike the law firm in *Roberts*, *supra*, 217 Cal.App.4th 822, Charter does not seek to invoke a general prevailing party fee provision to justify an interim award of fees. And whatever the merit in the *Frog Creek* court's critique of *Acosta*'s rationale under Civil Code section 1717, here there is no other contract issue remaining to be resolved. Patterson's claims are based on Charter's alleged

16

violations of FEHA. The only contract dispute was the enforceability of the arbitration agreement. Charter was the prevailing party in the superior court and is entitled to its fees under the fee provision in that contract to the extent not otherwise prohibited or limited by FEHA.[5]

3. *Attorney Fees May Be Awarded to a Defendant Following a Successful Motion To Compel Arbitration in a FEHA Lawsuit Only If the Plaintiff's Opposition Was Groundless*

a. *The asymmetric FEHA standard for an award of attorney fees and costs*

Section 12965(b) creates a private right of action to enforce FEHA. Prior to amendment effective January 1, 2019 (Stats. 2018, ch. 955, § 5), the last sentence of section 12965(b) simply read, "In civil actions brought under this section, the court, in its discretion, may award the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." (See Stats. 2012, ch. 46, § 45.) However, in *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, the Supreme Court, after noting that California courts interpreting FEHA often look to cases construing title VII of the federal Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), explained the United States Supreme Court had held in title VII cases, "[A] *prevailing plaintiff* should ordinarily recover attorney fees unless special

---

[5] As discussed, we denied Patterson's petition for writ of mandate seeking immediate review of the superior court's order compelling arbitration. That order will be reviewable on appeal from a final judgment entered after arbitration. (See *Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94; *Phillips v. Sprint PCS, supra,* 209 Cal.App.4th at p. 766.)

17

circumstances would render the award unjust, whereas a *prevailing defendant* may recover attorney fees only when the plaintiff's action was frivolous, unreasonable, without foundation, or brought in bad faith." (*Chavez*, at p. 985, citing *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412 (*Christiansburg*).) The Supreme Court impliedly approved this asymmetric standard for the award of fees in FEHA cases after emphasizing the Legislature's purpose in adopting the attorney fee provision was "'to provide "fair compensation to the attorneys involved in the litigation at hand and encourage[] litigation of claims that in the public interest merit litigation."'" (*Id.* at pp. 984-985.)[6]

Five years later in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97 the Supreme Court made explicit its prior implicit approval of the asymmetric standard of *Christiansburg* in FEHA cases and extended it to the trial court's award of costs, as well as attorney fees. (*Id.* at p. 109.) In doing so, the Supreme Court once again emphasized the Legislature's intent to encourage employees to vigorously enforce the state's antidiscrimination law: "In amending California's employment antidiscrimination law to authorize discretionary awards of attorney fees and costs, our Legislature, like Congress before it,

---

[6] The Supreme Court stated with seeming approval that "California courts have adopted this rule for attorney fee awards under the FEHA"; but, in holding the trial court had discretion to deny attorney fees to the plaintiff under the particular circumstances of the case before it, the Court did not expressly adopt *Christiansburg*'s asymmetric rule for the award of fees in FEHA cases. (See *Chavez v. City of Los Angeles*, *supra*, 47 Cal.4th at p. 985.)

18

sought 'to encourage persons injured by discrimination to seek judicial relief.'" (*Id.* at p. 112.)

In 2018 the Legislature amended section 12965(b) to incorporate the asymmetric standard articulated in existing case law, authorizing the court, in its discretion, to award reasonable attorney fees and costs "to the prevailing party . . . except that . . . a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." (Stats. 2018, ch. 955, § 5.) As the Supreme Court explained recently in *Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 949 when applying this rule to an award of costs on appeal, to permit a prevailing FEHA defendant to collect fees and costs when the plaintiff brought a potentially meritorious suit that ultimately did not succeed "would undercut the Legislature's intent to promote vigorous enforcement of our civil rights laws."

### b. *An employee may not be required to waive the asymmetric FEHA attorney fee standard*

The Supreme Court in *Armendariz, supra*, 24 Cal.4th 83 held employees may be compelled to arbitrate FEHA claims "*if the arbitration permits an employee to vindicate his or her statutory rights.*" (*Id.* at p. 90.) "[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA." (*Id.* at p. 101.) To be valid and enforceable, the Court ruled, a predispute arbitration agreement involving FEHA claims, among other requirements, "may not limit statutorily imposed remedies such as punitive damages and attorney fees" (*id.* at p. 103) and "cannot generally require the employee to bear any *type* of expense that the employee would not

19

be required to bear if he or she were free to bring the action in court" (*id.* at pp. 110-111).

Applying these *Armendariz* principles, the court of appeal in *Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387, disapproved on another ground in *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1246, held an arbitration clause in an employment agreement that authorized the recovery of attorney fees and costs by the prevailing party in the arbitration, rather than adopting FEHA's asymmetric standard, made the arbitration clause substantively unconscionable: "[E]nforcing the arbitration clause and compelling Trivedi to arbitrate his FEHA claims lessens his incentive to pursue claims deemed important to the public interest, and weakens the legal protection provided to plaintiffs who bring nonfrivolous actions from being assessed fees and costs." (*Trivedi*, at p. 395; accord, *Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1249 [arbitration agreement that provides prevailing party is entitled to attorney fees "without any limitation for a frivolous action or one brought in bad faith" violates *Armendariz*]; see *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 183 ["By requiring both parties to bear their own attorney fees and costs, the [arbitration] provision before us runs counter to FEHA which allows a successful plaintiff to recover attorney fees and costs from the employer (but does not similarly allow an employer to recover fees and costs from an employee in most cases.) [Citation.] Such a modification of California law is inappropriate under *Armendariz* as it has the effect of denying a plaintiff the rights and remedies he or she would have if he or she were litigating his or her claims in

20

court"]; *Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 709-710 [same].)[7]

Permitting Charter to recover its attorney fees for a successful motion to compel arbitration in a pending FEHA lawsuit without a showing the plaintiff's insistence on a judicial forum to determine his or her claims was objectively groundless similarly denies the plaintiff the rights guaranteed by section 12965(b) with a corresponding chill on access to the courts for any employee or former employee who has an arguably meritorious argument that the Charter arbitration agreement is unenforceable. Even with a strong claim of unconscionability, an employee might not pursue it and risk a substantial award of attorney fees before arbitration begins.

Charter attempts to avoid the conclusion the fee clause as written is unenforceable under *Armendariz* by asserting its

---

[7] Whether the arbitration agreement and the Solution Channel Program Guidelines under which the arbitration will be conducted entitle Patterson to recover his attorney fees and costs if he prevails in the arbitration—an issue not now before us—is unclear. Both documents provide Charter will pay administrative expenses and the arbitrator's fees, but all other costs, fees and expenses, "including, without limitation, each party's attorneys' fees, will be borne by the party incurring the costs, fees and expenses." However, the guidelines also provide, "At the discretion of the arbitrator, the prevailing party may recover any remedy that the party would have been allowed to recover had the dispute been brought in court." (We take judicial notice pursuant to Evidence Code sections 452, subdivision (d), and 459 of the Solution Channel Program Guidelines, which are part of the record on appeal in *Ramirez v. Charter Communications Holding Co., LLC*, B309408, pending in Division Four of this court.)

motion to compel arbitration did not relate to Patterson's underlying FEHA claims but was "a contractual matter separate and apart from the merits of a FEHA action."[8] We need not decide whether this contention would have any merit if Charter had initiated an independent action to compel arbitration prior to Patterson's filing of his lawsuit, an issue not before us. But Charter cannot have it both ways. As discussed, its argument a motion to compel arbitration in pending litigation comes within the scope of the fee-shifting clause is premised on its interpretation of the term "proceeding" to include all procedural steps within a lawsuit. Either Charter's motion to compel arbitration is a "proceeding" within Patterson's FEHA action, or it is not. We have agreed with Charter it is the former. (See *Roberts, supra*, 217 Cal.App.4th at p. 834 [a petition to compel arbitration filed in a pending lawsuit is part of the underlying action].) As a consequence, Charter's motion, an integral part of Patterson's FEHA lawsuit, is subject to Patterson's rights, and the remedies available to him, under FEHA.

c. *We interpret the Charter arbitration agreement as containing a valid attorney fee provision*

Patterson urges us to hold the fee-shifting provision in the Charter arbitration agreement is unenforceable and direct the superior court to enter a new order denying Charter's motion for

---

[8] Charter also suggests that Patterson could have avoided any liability for attorney fees "if he had simply stipulated to arbitration." Of course, an individual often can escape additional adverse consequence by capitulating to an opponent, rather than seeking to vindicate his or her rights. But that does not mean it is improper to assert those rights, nor does it justify imposition of a penalty for doing so.

22

attorney fees.  However, given the strong public policy favoring arbitration (see, e.g., *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339 (*Concepcion*); *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125) and the requirement we interpret the provisions in a contract in a manner that render them legal rather than void when possible (see Civ. Code, §§ 1643 [if possible without violating the parties' unambiguous intent, a contract is interpreted so as to make it "lawful, operative, definite, reasonable, and capable of being carried into effect"], 3541 ["[a]n interpretation which gives effect is preferred to one which makes void"]), we construe the prevailing party fee provision in the arbitration agreement to impliedly incorporate the FEHA asymmetric rule for awarding attorney fees and costs. (Cf. *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 682; *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1473.)  That is precisely the course followed by the Supreme Court in *Armendariz*, which, after concluding it violated FEHA to require an employee to pay the costs associated with arbitration of a FEHA claim, held, "[A] mandatory employment arbitration agreement that contains within its scope the arbitration of FEHA claims impliedly obliges the employer to pay all types of costs that are unique to arbitration." (*Armendariz, supra*, 24 Cal.4th at p. 113.)  As a result, the Court continued, "[t]he absence of specific provisions on arbitration costs would therefore not be grounds for denying the enforcement of an arbitration agreement." (*Ibid.*)

Similarly, by construing the fee-shifting provision in the Charter arbitration agreement to preclude an award of attorney fees and costs to Charter following a successful motion to compel arbitration absent a showing that Patterson's opposition to the

23

motion was frivolous, unreasonable or groundless, as set forth in section 12965(b), the provision is enforceable. Accordingly, in addition to directing the superior court to vacate its order awarding attorney fees to Charter, we direct the court, if Charter wishes to pursue its request for attorney fees, to conduct a hearing to make the required findings before awarding fees. (See *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1058 ["to avoid undermining the important public policy issues implicated by an award of fees to the defendant in an antidiscrimination case, 'where the required findings are not made by the trial court, the matter must be reversed and remanded for findings, unless the appellate court determines no such findings reasonably could be made from the record'"].)[9]

---

[9] Quoting *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 372, the superior court ruled it was improper to consider Patterson's financial status as an equitable factor in assessing contractual attorney fees. In *Roman v. BRE Properties, Inc.*, *supra*, 237 Cal.App.4th 1040, 1062, in contrast, this court held, "[T]he trial court has discretion to deny or reduce a cost award to a prevailing FEHA defendant when a large award would impose undue hardship on the plaintiff—the financial circumstances of the losing plaintiff and the impact of the award on that party are relevant circumstances in determining whether the costs to be awarded are 'reasonable in amount' within the meaning of Government Code section 12965, subdivision (b)." The discretion authorized under the FEHA standard should be exercised by the trial court in connection with any fee award in this case.

4. *Application of Section 12965(b)'s Asymmetric Rule for Attorney Fees to Charter's Arbitration Agreement Is Not Preempted by the FAA*

Charter's mutual arbitration agreement expressly provides it "will be governed" by the FAA. Citing *Epic Systems Corp. v. Lewis* (2018) 584 U.S. ___ [138 S.Ct. 1612], *Concepcion, supra*, 563 U.S. 333 and a host of other United States Supreme Court cases involving very different issues from the one presented by the case at bar, Charter makes the generalized (and generally indisputable) statement that the overarching purpose of the FAA is to ensure enforcement of arbitration agreements according to their terms and, as a consequence, the FAA preempts state laws that interfere with the enforcement of arbitration agreements. It then asserts, without further analysis, "California law under FEHA would be preempted by the FAA if it was interpreted to prohibit the enforcement of the Arbitration Agreement's attorneys' fee provision."

Charter's abbreviated and overly broad discussion of FAA preemption, however, omits several fundamental principles of FAA jurisprudence. As the California Supreme Court explained in *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945 (*McGill*),[10] although section 2 of the FAA requires courts to place arbitration

---

[10]     The Supreme Court in *McGill, supra*, 2 Cal.5th 945 held a provision in a predispute arbitration agreement that waives the right to seek a public injunction as a remedy authorized by several California statutes, including the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), was unenforceable under California law and further held the FAA does not preempt this rule of California law or require enforcement of the waiver provision.

agreements on an equal footing with other contracts and to enforce them according to their terms, the final phrase of section 2, known as the "saving clause," "'permits arbitration agreements to be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract."'" (*McGill*, at pp. 961-962, quoting *Concepcion, supra*, 563 U.S. at p. 339.)[11] "This clause, the high court has stated, 'indicates' that Congress's 'purpose' in enacting the FAA 'was to make arbitration agreements as enforceable as other contracts, *but not more so*.'" (*Id.* at p. 962, quoting *Prima Paint v. Flood & Conklin* (1967) 388 U.S. 395, 404, fn. 12.) Thus, "'[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" (*Ibid.*, quoting *Mitsubishi Motors v. Soler Chrysler-Plymouth* (1985) 473 U.S. 614, 628.)[12] "[T]he FAA does not require enforcement of a

---

[11]    Section 2 is "the primary substantive provision of the FAA." (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 384.) It provides, "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.)

[12]    This same principle, directly applicable here, was restated by the United States Supreme Court in *Preston v. Ferrer* (2008) 552 U.S. 346, 359, which held the FAA preempted a state law that provided the California Labor Commissioner had primary jurisdiction over claims the parties had agreed to arbitrate: "'By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their

provision in an arbitration agreement that 'forbid[s] the assertion of certain statutory rights' or that 'eliminates . . . [the] right to pursue a [a] statutory remedy.'" (*Id.* at p. 963, quoting *American Express Co. v. Italian Colors Restaurant* (2013) 570 U.S. 228, 236.) Consistent with these principles, the *McGill* Court stated, "[W]e have held that the FAA does not require enforcement of a provision in an arbitration agreement that, in violation of generally applicable California contract law, 'limit[s] statutorily imposed remedies such as punitive damages and attorney fees.'" (*Ibid.*)

FEHA's asymmetric rule for the award of attorney fees is a broadly applicable substantive right, not one that pertains only to arbitration or derives its meaning from the fact an agreement to arbitrate is at issue. A provision in any contract, whether or not it had an arbitration provision, that purported to waive an employee's statutory right to recover attorney fees if the prevailing party in a FEHA lawsuit and the employee's corollary right not to be liable for attorney fees unless his or her FEHA claim was objectively groundless would be invalid and unenforceable under California law. The FAA does not require enforcement of such a provision because it has been placed in an arbitration agreement. "To conclude otherwise would, contrary to Congress's intent, make arbitration agreements not merely 'as enforceable as other contracts, but . . . more so.'" (*McGill, supra,* 2 Cal.5th at p. 962.)

_____

resolution in an arbitral . . . forum.' [Citation.] So here, [the party opposing arbitration] relinquishes no substantive rights the [California Talent Agencies Act] or other California law may accord him. But under the contract he signed, he cannot escape resolution of those rights in an arbitral forum."

## DISPOSITION

The petition is granted.  Let a peremptory writ of mandate issue directing the superior court to vacate its March 16, 2021 order granting Charter's motion for attorney fees and to enter a new order scheduling a hearing to determine whether Patterson's opposition to the motion to compel arbitration was frivolous, unreasonable or groundless.  Patterson is to recover his costs in this proceeding.


PERLUSS, P. J.

We concur:



FEUER, J.



IBARRA, J.<sup>*</sup>

---

<sup>*</sup>     Judge of the Santa Clara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.